# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1437
_____

Alejandro Antonio Cataneda-Zavala

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
DHS Homeland Security
_____

Submitted: February 10, 2025
Filed: March 14, 2025
[Unpublished]
_____

Before LOKEN, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Alejandro Antonio Castaneda-Zavala[1] petitions for review of the dismissal of his motion to reconsider by the Board of Immigration Appeals. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

Castaneda-Zavala, a native and citizen of Mexico, came to the United States without documentation when he was two- or three-years-old. In 2022, police arrested him for discharging a firearm, possessing marijuana, and possessing drug paraphernalia. He pled guilty to possession of a firearm by an alien illegally and unlawfully in the United States, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(8), and 924(a)(2). He was sentenced to time served and transferred to custody of the Department of Homeland Security. DHS issued a Notice of Intent to issue a Final Administrative Removal Order (FARO). He did not contest his removability. He requested withholding or deferral of removal. DHS issued the FARO, scheduling him for a reasonable fear interview with an asylum officer in January 2024.

At the interview, the asylum officer asked him who he feared in Mexico. He responded:

> Cartels and gangs in Mexico. I don't have family in Mexico. They are kidnapping people at the border. If they have been recently deported they ask your family for ransom. They might ask you to work for them. If you don't want to, they might harm you. One of my uncle[s] was asked to sell drugs. He said no and they kidnapped him. They let him go, but they asked him to sell drugs for him again and he said no. Since that we had not heard from them.

He said there was no other group he feared, he had never been physically harmed in Mexico, and he had never been threatened. Asked what he feared would happen if deported, he said:

---

[1]The spelling of Petitioner's name appears on the docket for this matter and in various parts of the administrative record as "Cataneda-Zavala." The correct spelling of Petitioner's name appears to be "Castaneda-Zavala."

Kidnaping, torture and death. Forced labor. I would be homeless.

. . . .

They want people who are bilingual and have been to the U.S. They want to use you to benefit their own business so you can help them conduct business. Anyone can be a candidate. No particular reason.

His beliefs were based mainly on what he sees "in the news." The asylum officer found him credible, but determined he did not demonstrate either a reasonable fear of persecution or torture. He requested review of the decision. The case was referred to an Immigration Judge.

Castaneda-Zavala appeared with counsel before an IJ at a reasonable fear review hearing in February 2024. He repeated what he had told the asylum officer. He also told the IJ he fears the Mexican police and the military because he thinks they may kidnap him or demand money from his family. He elaborated on his uncle, claiming that when his uncle refused the gang members' demands, he disappeared and has not been seen again. Castaneda-Zavala claimed he had no place to live in Mexico, would "probably turn to stealing," be incarcerated, and then tortured in jail.

At the end of the hearing, the IJ issued an order agreeing with the asylum officer's finding that Castaneda-Zavala did not establish a reasonable possibility he would be persecuted or tortured in Mexico. It wrote:

> The immigration court concurs in the DHS Reasonable Fear Determination because: No past harm; fear of future harm is purely speculative and rooted in fear of gang/organized crime, such as recruitment, forced labor and consequences of refusing those efforts, none of which bear a nexus to an enumerated ground in the INA; other fear relates to extortion or kidnapping for ransom at government-operated checkpoints with the intent to acquire money from Respondent's family in the United States; evidence filed by attorney does not demonstrate that his type of conduct occurs[.]

I.

Castaneda-Zavala believes the IJ erred in failing to consider his claim under both the Immigration and Nationality Act (INA) and the Convention Against Torture (CAT). This court reviews de novo. *Ntangsi v. Gonzales*, 475 F.3d 1007, 1011 (8th Cir. 2007).

The IJ addressed Castaneda-Zavala's claim under the INA at the hearing. It said:

> First of all, you have not experienced any past harm since you came to the United States at a very young age. Also, your fear of being harmed for refusing to be involved with gangs—while that's respectable and honorable—that is not harm that relates to your race, religion, nationality, political opinion, or membership in a unique group of people.

And it explicitly referenced the INA in its order. The IJ did not explicitly reference the CAT in its written order or at the hearing. But it did address whether he would be tortured. It said:

> Further, in terms of the reasonable possibility of whether or not you will be tortured by or with the consent or acquiescence of a public official: general corruption and anecdotes or stories of law enforcement being corrupt and being involved in gangs would not be even close to sufficient. And the situation that you talk about of being afraid of some sort of government—such as police or military—background check, learning that you've been deported, and using that as a way to extort money from your family or kidnap you for ransom is quite speculative. And the evidence your attorney provided does not show that there is— that that happens with any degree of regularity for people who have been deported from the United States.

The IJ's written findings need not "clearly distinguish between [petitioner's] claims for withholding of removal and claims for protection under the Convention

-4-

Against Torture (CAT)." *Lara-Nieto v. Barr*, 945 F.3d 1054, 1058 (8th Cir. 2019). Where no facts in the record support a claim under CAT, this court can affirm even if the IJ did not "clearly discuss the basis for his claim for protection under CAT." *Id.* at 1061-62. Here, while the IJ did not explicitly mention CAT in its order, it considered the likelihood he would be tortured. There was no error.

## II.

Castaneda-Zavala asserts the IJ erred in determining he did not establish a reasonable probability of being tortured in Mexico. This court reviews for substantial evidence. *Id.* at 1060. Reversal is warranted only if "no reasonable fact-finder could fail to find in favor of the petitioner." *Quomsieh v. Gonzales*, 479 F.3d 602, 605 (8th Cir. 2007). To obtain relief under CAT, the noncitizen must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Lara-Nieto*, 945 F.3d at 1061.

"[T]he existence of a consistent pattern of gross, flagrant, or mass violations of human rights in a particular country does not, as such, constitute a sufficient ground for determining that a particular person would be in danger of being subjected to torture upon his return to that country." *Lasu v. Barr*, 970 F.3d 960, 966 (8th Cir. 2020). Rather, "specific grounds must exist that indicate the individual would be personally at risk." *Id.* (cleaned up). For CAT claims based on a hypothetical chain of events, "each link in the chain must be more likely than not to occur." *Rosas-Martinez v. Garland*, 100 F.4th 971, 976 (8th Cir. 2024).

Here, the IJ did not err in determining that Castaneda-Zavala's fears are "purely speculative" and inadequate to establish with more likelihood than not that he would be tortured. His CAT claim is based entirely on general country conditions that apply equally to every person deported from the United States to Mexico. He submits no evidence that he would be "personally at risk" of torture. *Lasu*, 970 F.3d at 966. The IJ did not err in its determination. *See Rosas-Martinez*, 100 F.4th at 976

(agreeing with the agency that a Mexican applicant for CAT protection did not show he would be "personally at risk" of human rights violations in Mexico).

\* \* \* \* \* \* \*

The petition for review is denied.

_____